UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
EMMANUEL TEMPLOS, and HUMBERTO VARGAS,
individually and on behalf of all others similarly situated,

                              Plaintiff,

    -against-

LUNA CUISINE, INC. d/b/a RICE K, and GOLD GONG
INC d/b/a Rice K, and XIU CHEN, as an individual,

                              Defendants.
------------------------------------------------------------------X

**PROPOSED DEFAULT JUDGMENT**

21-cv-00694 (KAM)(TAM)

This action was commenced pursuant to the filing of the Summons and Complaint on February 9, 2021. The Summons and Complaint were served the Defendants, as follows:

1. On February 18, 2021, true and correct copies of the Summons and Complaint were served on the Defendant, LUNA CUISINE, INC. d/b/a RICE K via the office of the Secretary of State pursuant to Section 306 of the N.Y. Business Corporation Law. *See* **Exhibit B**, Affidavit of Service for LUNA CUISINE, INC. d/b/a RICE K sworn to February 19, 2021.

2. On February 18, 2021, true and correct copies of the Summons and Complaint were served on the Defendant, GOLD GONG INC d/b/a Rice K via the office of the Secretary of State pursuant to Section 306 of the N.Y. Business Corporation Law. *See* **Exhibit B**, Affidavit of Service for GOLD GONG INC d/b/a Rice K sworn to February 19, 2021.

3. On March 31, 2021, true and correct copies of the Summons and Complaint were personally delivered and served on XIU CHEN, as an individual, at Defendants' actual place of business and registered address for receiving service of process located at 29-21 23rd Avenue, Astoria, NY 11105. *See* **Exhibit C**, the Affidavit of Service for XIU CHEN, as an individual, dated March 31, 2021, and sworn to on April 2, 2021.

4. Additionally, on April 2, 2021, true and correct copies of the Summons and Complaint were served on XIU CHEN, as an individual, by first-class mailing of an additional set of the Summons and Complaint to the Defendant in a postpaid wrapper marked "personal and confidential" on the outside thereof and properly addressed to the Defendant. *Id.*

5. Defendant, XIU CHEN, as an individual, failed to develop any information that she was in active military service of the United States or of the State of New York, upon accepting service of process. According to the Affidavit of Service filed on the docket in this matter, XIU CHEN is not in such military service nor is the Defendant dependent upon anyone in such active military service; moreover, plaintiff's process server has averred to a physical description of the Defendant so served based on observations and inquiry reasonable under the circumstances at the time service of process was effectuated on the Defendant. *Id.*

6. Defendant, XIU CHEN, is neither an infant nor an incompetent; XIU CHEN is the adult, competent owner of the Defendant corporate entities sued herein.

7. To date, the Defendants, LUNA CUISINE, INC. d/b/a RICE K, and GOLD GONG INC d/b/a Rice K, both served on February 18, 2021, have failed to appear, retain counsel on this matter, interpose an answer to the Complaint, or otherwise move with respect to the Plaintiffs' Complaint herein.

8. To date, the Defendant, XIU CHEN, as an individual served on March 31, 2021, has failed to appear personally or through counsel on this matter, has failed to respond to Plaintiffs' allegations herein, interpose an answer to the Complaint, or otherwise move with respect to the Plaintiffs' Complaint herein.

9. All Defendants in this Action have been properly served and effectuated with true and correct copies of the Summons and Complaint and are aware of the Complaint in this matter, and of pendency of this action against them. However, at no point since being effectuated with

service of process have the Defendants indicated any desire whatsoever to appear or otherwise defend in this action.

10. Accordingly, on May 3, 2021, Plaintiffs Requested a Certificate of Default against all Defendants and apprised the Court that Defendants "have now all been served, and as the Court may have seen the defendants are in default in this case" (ECF Dkt. No. 9). As such, on May 12, 2021, the Clerk of Court noted the Entry of Default of defendants Xiu Chen, Gold Gong Inc, Luna Cuisine, Inc., pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.  *See* **Exhibit E**, the Clerk's Certificate of Default duly Entered as against LUNA CUISINE INC. d/b/a Rice K, and GOLD GONG INC d/b/a Rice K, and XIU CHEN, as an individual on May 12, 2021, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

11. None of the Defendants have retained counsel, appeared on this matter, or responded to the complaint herein since the Clerk's issuance of the above-referenced Certificates of Default.

12. Defendants have each been properly served and are aware of the Complaint against them and have failed to provide a response. Accordingly, it is:

**ORDERED and ADJUDGED** : That Plaintiff EMMANUEL TEMPLOS has judgment against Defendants LUNA CUISINE, INC., and GOLD GONG INC d/b/a Rice K, and XIU CHEN, as an individual, jointly and severally, in the liquidated sum of **$432,600.00** comprising $115,367.79 in unpaid overtime wages under the FLSA and NYLL, $46,910.00 in unpaid minimum wages under the FLSA and NYLL, and $12,731.14 in unpaid spread of hour compensation under the NYLL, plus $175,008.93 in liquidated damages, and $10,000.00 for violations of NYLL 195(1)(3), with post-judgment statutory interest commencing as of the date of entry of judgment and accruing in accordance with the provisions of 28 U.S.C. § 1961; and

**ORDERED and ADJUDGED** : That Plaintiff HUMBERTO VARGAS has judgment against Defendants LUNA CUISINE, INC., and GOLD GONG INC d/b/a Rice K, and XIU, as an individual, jointly and severally, in the liquidated sum of **$210,548.93**  comprising $53,492.14 in unpaid overtime wages under the FLSA and NYLL, $24,400.00 in unpaid minimum wages under the FLSA and NYLL, and $6,274.29 in unpaid spread of hour compensation under the NYLL, plus $84,166.43 in liquidated damages, and $10,000.00 in statutory damages for violations of NYLL 195(1)(3), with post-judgment statutory interest

commencing as of the date of entry of judgment and accruing in accordance with the provisions of 28 U.S.C. § 1961 until judgment is paid in full.

Dated:  Brooklyn, New York

       January 3, 2022                                     DOUGLAS C. PALMER
                                                           CLERK OF COURT
                                                           BY: *Jalitza Poveda*
                                                                 Deputy Clerk