```
United States District Court
Eastern District of New York
```

------------------------------------X

EMMANUEL TEMPLOS and HUMBERTO
VARGAS, individually and on behalf
of all others similarly situated,

        Plaintiffs,           **Memorandum and Order**

  - against -                    No. 21-cv-694 (KAM) (TAM)

LUNA CUISINE, INC. D/B/A RICE K,
GOLD GONG INC. D/B/A RICE K, AND XIU
CHEN, as an individual,

        Defendants.

------------------------------------X

**Kiyo A. Matsumoto, United States District Judge:**

    Defendants Luna Cuisine, Inc. ("Luna"), Gold Gong Inc. ("Gold Gong"), and Xiu Chen move to set aside the default judgment entered by the Clerk of Court on January 3, 2022. Defendants seek relief on the grounds that they (1) were never properly served and (2) had no *actual* knowledge of this action or the judgment against them, regardless of whether they were properly served.  For the reasons stated below, Defendants' motion is respectfully denied.

Background

    Plaintiffs filed their complaint on February 9, 2022, alleging that Defendants failed to pay Plaintiffs minimum wage and overtime compensation as required by the Fair Labor

Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (ECF No. 1, Compl., ¶¶ 1-2.) Plaintiffs brought their claims against Luna and its alleged successor corporation, Gold Gong, each of which did business as "Rice K" and registered its business address with the Secretary of State as 29-21 23rd Avenue, Astoria, NY 11105. (*Id.* ¶¶ 5-9.) Plaintiffs also brought claims against Ms. Chen, an owner or part owner of both companies. (*Id.* ¶¶ 15-18.)

On February 18, 2021, Luna and Gold Gong were served via service on the New York Secretary of State. (ECF No. 5, Aff. of Service on Luna; ECF No. 6, Aff. of Service on Gold Gong.) Then, on March 31, 2021, Ms. Chen was served through personal delivery at 29-21 23rd Avenue to Johnny "Smith," who identified himself as Ms. Chen's co-worker but did not provide a true surname. (ECF No. 7, Aff. of Service on Xiu Chen.) The process server mailed a copy of the summons to Ms. Chen at the same address on April 2, 2021. (*Id.*)

After Defendants failed to answer or otherwise respond to the complaint, Plaintiffs, on May 3, 2021, applied to the Clerk of Court for a certificate of default. (ECF No. 8, Req. for Entry of Default.) On May 12, 2021, the Clerk of Court entered a certificate of default against all Defendants. (ECF No. 10, Clerk's Certificate of Default.)

On December 21, 2021, Plaintiffs applied to the Clerk of

2

Court for a default judgment. (ECF No. 19, Notice of Mot.) The next day, Plaintiffs served Luna and Gold Gong with their motion papers at 29-21 23rd Avenue and served Ms. Chen at her last known residential addresses. (ECF No. 21, Affirmation of Service.) On January 3, 2022, the Clerk of Court entered a default judgment against all three defendants in the amount of $210,548.93. (ECF No. 22, Judgment.) On September 20, 2023, Defendants moved to set aside the judgment. (ECF No. 24, Notice of Mot.) Defendants argue that they lacked notice of the action due to improper service. (ECF No. 25, Def.'s Mem. of Law in Supp. of Mot. to Set Aside Default J. ("Mem."), at 1-2.)

## Legal Standard

Under Rule 55(c), a party may move to set aside an entry of default for good cause or to set aside a default judgment in accordance with Rule 60(b). Fed. R. Civ. P. 55(c). A party may seek relief under Rule 60(b)(4) if the judgment is void. Fed. R. Civ. P. 60(b)(4). A judgment is void if the court never acquired personal jurisdiction over the defendant due to a defect in service. *See "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 123 (2d Cir. 2008).

A party may seek relief under Rule 60(b)(6) for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). A court may grant a motion under Rule 60(b)(6) only in "extraordinary circumstances." *Tapper v. Hearn*, 833 F.3d 166,

3

172 (2d Cir. 2016) (quoting *Nemaizer v. Baker*, 739 F.2d 58, 61 (2d Cir. 1986)).  In determining whether extraordinary circumstances exist, courts look to three factors: whether the default was willful, whether setting aside the default would prejudice the adversary, and whether a meritorious defense is presented.  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *Drywall Tapers & Pointers of Greater N.Y. Local Union 1974, IUPAT, AFL-CIO v. Creative Installations, Inc.*, 343 F.R.D. 358, 364 (S.D.N.Y. 2022).  These are the same factors courts consider in deciding whether good cause exists to vacate an entry of default, but courts apply them more rigorously after the case has reached a default judgment because the finality interests are stronger at that stage.  *Enron Oil*, 10 F.3d at 96.  Defaults are generally disfavored, so courts resolve doubts in favor of the defaulting party.  *Id.*; *Sibley v. Choice Hotels Int'l, Inc.*, 304 F.R.D. 125, 130 (E.D.N.Y. 2015).

**Discussion**

Rule 60(b) provides six different grounds for relief from judgment, *see* Fed. R. Civ. P. 60(b), and Defendants do not specify which the upon which they seek relief, (*see generally* Mem.).  The Court construes their motion as seeking relief under Rules 60(b)(4) and 60(b)(6) because Defendants both argue that they were never served and cite the factors courts consider when deciding whether extraordinary circumstances support setting

4

aside the judgment. *See Creative Installations*, 343 F.R.D. at 363-67 (analyzing motion under Rules 60(b)(4) and 60(b)(6) where defendants made similar arguments). Because Rule 60(b)(6) may not be used if a specifically enumerated ground justifies relief, *id.*, the Court first addresses Defendants' argument that they were never properly served.

**I. Service**

Under Rule 4(e)(1), an individual may be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1). Thus, if service of process was proper under New York law, then Rule 4(e)(1) is satisfied, and the default judgment is not void for lack of personal jurisdiction.

The burden is on the plaintiff to prove that service of process was proper. *See DiSapio*, 540 F.3d at 126. A process server's affidavit establishes a presumption of proper service, which the defendant can rebut by submitting a counter-affidavit denying service. *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am.*, 301 F.3d 54, 57 (2d Cir. 2002). If the defendant does not aver specific facts to rebut the process server's affidavits, however, no hearing is required. *Id.* at 58.

**A. Luna and Gold Gong**

Service was proper on Luna and Gold Gong. Under New York

5

law, a corporation may be served by personal delivery of the summons to the New York Secretary of State's office.  N.Y. Bus. Corp. Law § 306(b)(1).  The Secretary of State must then "send [the summons] by certified mail, return receipt requested, to such corporation, at the post office address, on file in the department of state, specified for the purpose."  *Id.*  Service of process is considered "complete" once the Secretary of State has been served.  *Id.*  That is true "irrespective of whether the process subsequently reache[d] the corporate defendant."  *Fisher v. Lewis Constr. NYC Inc.*, 117 N.Y.S.3d 29, 30 (1st Dep't 2020) (quoting *Associated Imports, Inc. v. Leon Amiel Publisher, Inc.*, 562 N.Y.S.2d 678, 679 (1st Dep't 1990)).

Here, the process server served two copies of the summons and complaint on Nancy Dougerty, a legal clerk in the Secretary of State's office authorized to accept service on behalf of the corporate defendants.  (ECF No. 5, Aff. of Service on Luna; ECF No. 6, Aff. of Service on Gold Gong.)  Defendants argue that Plaintiffs provided no evidence that the Secretary of State actually mailed the copies of the summons and complaint to Luna and Gold Gong at the address on file.  (Mem. at 1.)  Even if that were true, service would still have been proper under New York law because "[s]ervice of process on [a] corporation [is] complete when the [S]ecretary of [S]tate is so served."  *See* N.Y. Bus. Corp. Law § 306(b)(1); *Logan v. World Luxury Cars,*

6

*Inc.*, No. 1:15-cv-248 (ENV) (PK), 2022 WL 2466834, at *3-4 (E.D.N.Y. Mar. 30, 2022) (rejecting similar argument from defendant who defaulted), *R&R adopted*, 2023 WL 156878 (E.D.N.Y. Jan. 11, 2023). Because Defendants' affidavit does not refute that service was made on the Secretary of State, service was proper on Luna and Gold Gong.

B.  **Ms. Chen**

Plaintiffs also properly served process on Ms. Chen.  Under New York law, substitute service may be accomplished by (1) delivering the summons to "a person of suitable age and discretion" at the person's "actual place of business" and (2) within twenty days thereafter, mailing the summons to the person's "actual place of business." N.Y. C.P.L.R. § 308(2). The person served must be "objectively . . . of sufficient maturity, understanding and responsibility under the circumstances so as to be reasonably likely to convey the summons to the defendant." *Marathon Structured Asset Sols. Tr. v. Fennell*, 61 N.Y.S.3d 232, 234 (2d Dep't 2017) (quoting *Roldan v. Thorpe*, 499 N.Y.S.2d 114, 116 (2d Dep't 1986)). The suitability of the person served depends on context, but courts routinely find service on employees and co-workers sufficient. *See, e.g., Rios v. 4218 Rest Grp. LLC,* No. 18-cv-5633 (BMC), 2019 WL 13223595, at *1 (E.D.N.Y. 2019).

Here, service was appropriately made at Ms. Chen's actual

7

place of business on a person of suitable age and discretion. According to the process server's affidavit, service was made on March 31, 2021, at 29-21 23rd Avenue, the address on file with the Secretary of State for Luna and Gold Gong. (ECF No. 7, Aff. of Service on Chen.) Ms. Chen was alleged to have been an "owner or part owner" of each business, (ECF No. 1, Compl.), and she does not dispute that this address was her actual place of business, (see generally ECF No. 25-1, Chen Aff. in Support ("Chen Aff.").). The process server delivered the summons and complaint to Johnny "Smith," a man who appeared to be about forty years old and identified himself as Ms. Chen's co-worker but refused to give his last name. (ECF No. 7, Aff. of Service on Chen.) A co-worker older than eighteen has enough discretion to give the summons to the defendant. See Rios, 2019 WL 13223595, at *1 (finding service proper where woman was served at defendants' place of business who appeared to be about thirty-six years old and identified herself as defendants' co-worker but refused give a true name). It "makes no difference" that "Smith" had "refuse[d] to give his name" or might have "give[n] a false one." Maldonado v. Arcadia Bus. Corp., No. 14-cv-4129 (DLI) (RML), 2015 WL 12791329, at *2 (E.D.N.Y. Aug. 27, 2015). The process server need not "independently verify the person's self-proclaimed relationship to the defendant, so long as it is reasonable to assume they are who

8

they purport to be." *Id.*

The process server also complied with the mailing requirement. On April 2, 2021, within twenty days after delivering the summons and complaint to "Smith," the process server sent Ms. Chen a copy via first class mail at her actual place of business in an envelope marked in accordance with the statutory requirements. (ECF No. 7, Aff. of Service on Chen); *see* N.Y. C.P.L.R. § 308(2).

Nothing in Defendants' affidavit refutes these facts. Ms. Chen simply disputes that she works with an individual named "Johnny." (Chen Aff. ¶ 8.) That statement does not invalidate service, however, because the person on whom service is made need not actually be a co-worker of the defendant so long as that person is present at the defendant's actual place of business and of suitable age and discretion. *See Pinela Jurado v. Sabor Hispano, Inc.*, No. 20-cv-1104 (RPK) (VMS), 2021 WL 11690645, at *4 (E.D.N.Y. 2021) (quoting *Dantzig v. Cnty. of Westchester*, No. 19-cv-8811 (NSR), 2021 WL 1030655, at *5 (S.D.N.Y. Mar. 16, 2021)). It was reasonable for the process server to have determined that an approximately forty-year-old man who was present at Ms. Chen's restaurant and identified himself as her co-worker was of suitable age and discretion to provide the summons and complaint to her.

As service upon each of the defendants was proper under New

9

York law, Rule 4(e)(1) is satisfied and the judgment will not be set aside for improper service.

## II. Extraordinary Circumstances

Defendants also argue that the judgment should be set aside because they lacked *actual* notice of this action even if service was properly accomplished. (Mem. at 1-2.) As explained above, (*supra* 4), the Court construes this argument as a motion under Rule 60(b)(6) for relief due to extraordinary circumstances, thus requiring the Court to consider Defendants' willfulness in defaulting, the prejudice that would result to Plaintiffs if the judgment were set aside, and the extent to which Defendants might have a meritorious defense.

Here, Defendants' default was willful. Willfulness means conduct beyond mere negligence or carelessness. *In re Orion HealthCorp, Inc.*, 95 F.4th 98, 104 (2d Cir. 2024) (quoting *S.E.C. v. McNulty*, 137 F.3d 723, 738 (2d Cir. 1998)). Defendants argue that they could not have defaulted willfully because they did not know about this action until Ms. Chen received a notice from the bank that certain accounts were being frozen. (Mem. at 2.) But as discussed above, Defendants were properly served with the summons, complaint, and default judgment motion papers at the address registered for Luna and Gold Gong with the Secretary of State. Though Ms. Chen claims that she does not receive mail at this address, (Chen Aff. ¶¶ 2,

10

9), she is a principal of each business and did not specify who, if not she, receives mail at that address. Ms. Chen's failure either to collect corporate mail at the registered address or to update the address for service of process with the Secretary of State supports a willfulness finding. *See In re Martin-Trigona*, 763 F.2d 503, 505-06 (2d Cir. 1985) (finding default willful where plaintiff served process by first-class mail on president and secretary of business at addresses registered with secretary of state); *Trs. of Loc. 531 Pension Fund v. Am. Indus. Gases, Inc.*, 708 F. Supp. 2d 272, 276 (E.D.N.Y. 2010) (collecting cases finding that failure to update registered address with the New York Secretary of State was willful).

With respect to prejudice, although delay alone is insufficient to support upholding a default judgment, *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983), the Court finds the delay that would result from granting Defendants relief would prejudice Plaintiffs. For example, Luna closed in 2019 and dissolved in 2021. (Chen Aff. ¶ 2.) When Defendants brought the instant motion, Plaintiffs were in the process of enforcing the judgment against certain of Defendants' bank accounts. (*See id.* ¶ 10.) Further delay will only further complicate Plaintiffs' ability to collect on the judgment. *See Durso v. Barsyl Supermarkets Inc.*, No 11-cv-5544 (NG) (RML), 2016 WL 3546330, at *4 (E.D.N.Y. 2016) (noting defendant's closure would

make it more difficult for plaintiffs to enforce their judgment).

Finally, Defendants have failed to raise a meritorious defense. To obtain relief from a default judgment, the defendant must provide evidence, in a form beyond mere conclusory denials, that would constitute a complete defense if proven at trial. *Addison v. Reitman Blacktop, Inc.*, 272 F.R.D. 72, 81 (E.D.N.Y. 2010) (quoting *Enron Oil*, 10 F.3d at 98). Here, Defendants' proffered defense is that Plaintiffs never worked for them.[1] (Mem. at 4.) Although Ms. Chen submitted an affidavit in support of Defendants' motion to set aside the judgment, that affidavit conspicuously omits any statement denying that Plaintiffs worked for Defendants. (*See generally* Chen Aff.) Thus, Defendants have offered nothing more than conclusory denials in support of their defense. *See Logan*, 2022 WL 2466834, at *8-9 (finding proffered defense inadequately supported where defendants "seem[ed] to argue that they were not [p]laintiff's employer" under FLSA and NYLL but defendants' affidavits did not explicitly make such denials).

Accordingly, because the relevant factors weigh against

---

[1] Defendants also argue as a "defense" that they were never properly served. That is not a merits defense but rather an argument properly made under Rule 60(b)(4) that cannot be raised again under Rule 60(b)(6). *See Mandala v. NTT Data, Inc.*, 88 F.4th 353, 361 (2d Cir. 2023) (explaining that relief under Rule 60(b)(6) is improper if it could be obtained based on "one of the grounds enumerated in clauses (b)(1) through (b)(5)") (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988)).

12

them, Defendants are not entitled to relief under Rule 60(b)(6).

## Conclusion

For the reasons stated above, the Court respectfully denies Defendants' motion to set aside the default judgment.

**So ordered.**

Dated:   June 27, 2024
         Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York